**Eligha GRAHAM, Plaintiff—Appellant,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–35470.

D.C. No. CV–01–00504–BR.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2003.*

Decided Sept. 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

David B. Lowry, Esq., Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO–Office of the U.S. Attorney, Portland, OR, David J. Burdett, Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before HALL, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Eligha Graham appeals the district court's affirmance of the Social Security Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act.

Graham first contends that the Administrative Law Judge ("ALJ") erred in applying the Medical Vocational Guidelines ("the guidelines") to determine that he could perform light work. The guidelines may not be applied routinely without more analysis to a claimant who has significant nonexertional limitations. *Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir.1993). However, after evaluating the credibility of the lay witnesses and Graham's treating physician, the ALJ properly found that his nonexertional limitations did not significantly affect his ability to perform a full range of light work. Graham relies on the district court's reversal of the initial ALJ's decision to argue that the guidelines should not have been applied on remand either. However, unlike in the initial hearing, the ALJ on remand discussed lay witness testimony and obtained a proper psychological evaluation of Graham. Use of the guidelines was proper.

■ Graham further alleges that the ALJ erred by not giving sufficient credit to his pain testimony. The ALJ must

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

provide "clear and convincing" reasons for rejecting a claimant's testimony if the claimant first produces medical evidence of an underlying impairment that could reasonably be expected to produce some degree of pain or other symptoms. *Smolen v. Chater,* 80 F.3d 1273, 1281–82 (9th Cir. 1996). Here, we find that the ALJ articulated clear and convincing reasons for doubting the credibility of Plaintiff's pain testimony. First, several doctors agreed that Graham exaggerated his physical symptoms. Second, the ALJ found that there was no complaint of, or record of treatment for, any mental impairment in the medical record relevant to the period before Graham's insurance expired (from 1977 to 1982). In addition, Graham's own disability reports, request for reconsideration, and activity report did not mention any mental impairment. Finally, the medical providers' observations conflicted with Plaintiff's statements and actions.

■ Graham also appeals the Commissioner's decision on the basis that the ALJ failed to properly credit the testimony of the lay witnesses who appeared at the two remand hearings. Contrary to Graham's allegations, when the ALJ noted that the witnesses' testimony was inconsistent with the objective medical record, he did not conclude that the witnesses were incompetent. Rather, the ALJ simply questioned their credibility. That the ALJ failed to give a witness-by-witness explanation for rejecting the lay testimony was not improper. The ALJ found the lay witnesses' testimony inconsistent with the level of treatment that the claimant sought and received. This conclusion was reasonable as to each lay witness.

Finally, Graham argues that the ALJ erred in rejecting various physicians' views of his mental impairments. Title 20 C.F.R. § 404.1520(c) provides that an impairment is severe if it significantly limits one's ability to perform basic work activities. The ALJ found that Graham's alleged mental impairments were not severe enough to proceed to step three of the five-step sequential disability analysis. Plaintiff argues that the combined effects of his physical and mental impairments have more than a "minimal effect" on his basic work abilities. Plaintiff also takes issue with the ALJ's disregard for the testimonial evidence of Dr. James Bryan, who diagnosed depressive and pain disorders.

We disagree. Claimant had worked with a below-average Global Assessment of Functioning ("GAF") score before the onset of his back pain. The ALJ rejected Dr. Bryan's GAF score because it was not supported by objective evidence and was inconsistent with the findings in his report. While different doctors might have disagreed about the specifics of Graham's condition, if the evidence can reasonably support either confirming or reversing the Commissioner's decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir.1999).

Substantial evidence supports the Commissioner's determination and the ALJ committed no legal error.

AFFIRMED.